# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| KENT EUGENE TURNBAUGH, ) | |
| ID # 727145, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:17-CV-334-L (BH) |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

## I. BACKGROUND

On January 26, 2017, Kent Eugene Turnbaugh (Plaintiff), filed this lawsuit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] expressly naming the United States, the United States Attorney General, the Warden of the Federal Correctional Institute at Seagoville, Texas (FCI-Seagoville), and a corrections officer there as defendants.[2] (*See* doc. 1 at 1; doc. 16 at 1.)[3]

Plaintiff claims that on December 23, 2014, he attempted to obtain pain medicine at the pharmacy in FCI-Seagoville, where he was an inmate, but was notified that the medicine had been

---

[1] Plaintiff initially also alleged violations of Fair Debt Collection Procedures Act, 28 U.S.C. § 3001, and discrimination under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 1997, 2000. (*See* doc. 1 at 11-12.) He appears to have purposefully dropped those claims in his amended complaint. (*See* doc. 16 at 1-3.)

[2] Although Plaintiff only specifically lists four defendants, he also mentions "the U.S. Secretary Director of the U.S. Dept. Of Justice; the Director of the Federal Bureau of Prisons; [and] the South Central Regional Director" in the body of his complaint. (*See* doc. 1 at 9-10.) It is unclear whether he intended to also sue these individuals.

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

discontinued. (doc. 1 at 6.) He returned to the line to speak to the pharmacist and was waiting when a corrections officer told him to remove his headphones. He started to comply but told the officer that the MP-3 player was not on. The officer called him over and told him that he could not wear headphones or have the MP-3 player on. (*Id.*)

The officer noticed that Plaintiff's cap had his name written on it and told him that he was not supposed to alter his clothing. Plaintiff responded that he thought that he could mark his personal clothing. When the officer moved within inches of Plaintiff's face and said that this was not an "'a' or 'b' conversation," he asked the officer to step back from his personal space. (*Id.*) The officer said that they were going to the Lieutenant's office, grabbed Plaintiff's right arm, and started walking him down a hall. (*Id.* at 7.) Plaintiff, who has Parkinson's disease and was walking with a cane in his right hand, lost his balance and started to fall to the right. He tried to pull his right hand and arm forward, which was away from the officer, to break his fall. He landed on the left side of his body and face. The officer moved on top of him, put his knee in Plaintiff's back to hold him down as he tried to handcuff him, and used both hands to push Plaintiff's upper body and face to the floor "with great force." He did not try to resist being handcuffed. (*Id.*) Plaintiff received a disciplinary case for "Assault on Staff," the disciplinary case report rejected his version of the incident, and he lost good conduct time as a result of the disciplinary case. (*Id.* at 32.)

Plaintiff claims he was assaulted by the officer and suffered a detached retina in his right eye from his face being "smashed to the floor," and that supervisory officials were responsible for the officer's actions. (*See* doc. 1 at 9-11.) All of his claims arise from the officer's alleged use of force. He seeks a finding that the defendants violated his rights and monetary damages. (*See* docs. 1 at 8; 16 at 2.)

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. *BIVENS*

As noted, Plaintiff sues under *Bivens*. In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. 403 U.S. at . *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v.*

3

*United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

A.   **Official Capacity**

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Any *Bivens* claim against the United States or against any individual employee of the United States in an official capacity should be dismissed.

B.   **Personal Involvement**

A *Bivens* action must be premised upon the personal involvement of the named defendants. *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (explaining that it "must be remembered that the purpose of *Bivens* is to deter *the officer*"); *Guerrero-Aguilar v. Ruano*, 118 Fed. App'x 832 (5th Cir. 2004) (per curiam). Under *Bivens*, an individual cannot be held liable under a theory of respondeat

superior. *Iqbal*, 556 U.S. at 676. Instead, a supervisory federal employee and/or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right or if he implements or enforces a policy that causally results in a deprivation of constitutional rights. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998). Here, Plaintiff has not alleged either personal involvement by the Attorney General, the Warden, or any other individual except for the corrections officer, and he has not alleged that they implemented a policy that causally resulted in the violation of his rights. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (recognizing that supervisory liability exists without overt personal involvement if supervisory officials implement a deficient policy that is the moving force behind a constitutional violation).

To the extent that Plaintiff is alleging that the Warden failed to train or supervise the corrections officer, (*see* doc. 1 at 8-9, 11), he has failed to plead any facts in support of his claim. Any *Bivens* claim against the Attorney General, the Warden or any other individual except for the corrections officer in their individual capacities should be dismissed as frivolous or for failure to state a claim.

### IV. FEDERAL TORT CLAIMS ACT

Plaintiff also sues under the FTCA. In the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her

employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Although § 2680(h) provides an exception to the waiver of sovereign immunity for intentional torts such as assault and battery, the "law enforcement proviso" provides an exception to that exception for claims resulting from the "acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest." *Millbrook v. United States*, 569 U.S. 50, 57 (2013). Corrections officers fall within the definition of law enforcement officers. *See id.* (involving FTCA claims based on alleged sexual assault by corrections officers).

The only proper defendant in an FTCA action is the United States, and therefore a claim against a federal agency is not authorized under the FTCA. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Likewise, individual defendants also cannot be sued under the FTCA in their individual capacity. *Id.* Any claims against them in their official capacities are treated as a suit against the United States. *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D.Tex. 2001). To the extent that Plaintiff sues any individuals in their individual capacities under the FTCA, his claims should be dismissed as frivolous.

## V. *HECK V. HUMPHREY*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

state tribunal authorized to make such a determination, or called into question by habeas corpus. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam).

A "conviction" for purposes of *Heck* includes a disciplinary case that results in the loss of good time credit. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). The determination in the disciplinary case that Plaintiff assaulted the officer indicates that the officer's use of force was applied to maintain or restore discipline, and not to maliciously or sadistically cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (explaining the core inquiry in evaluating a claim of excessive force). A finding in Plaintiff's favor on his claims, based on his version of the events, would necessarily imply the invalidity of the loss of good conduct time as punishment in the disciplinary case for assaulting the officer. *See Davis v. Evans*, No. 5:15-CV-00138-RWS, 2018 WL 1406835, at *3-6 (E.D. Tex. Mar. 21, 2018) (discussing Fifth Circuit cases and holding that excessive force claim was barred by *Heck* where success would imply the invalidity of disciplinary case attempted assault of an officer and plaintiff alleged that he did not act aggressively). Plaintiff has not alleged or shown that the disciplinary case has been reversed, invalidated, or expunged prior to bringing this civil action, so his *Bivens* claims against the corrections officer based on the alleged use of excessive force are barred by *Heck*.

*Heck* also applies to FTCA actions that imply the invalidity of a conviction. *See McLeod v. United States*, Nos. 6:05-CV-255, 6:05-CV-275, 2006 WL 8440427, at *2 (N.D. Tex. Mar. 30, 2006) (citing *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995)). Plaintiff's FTCA claims against the United States arise from the alleged use of excessive force by the corrections officer, so

7

they are likewise *Heck*-barred.

Plaintiff's *Bivens* claims against the corrections officer and his FTCA claims against the United States are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

## VI. RECOMMENDATION

Plaintiff's *Bivens* claims against the United States, the Attorney General, the Warden, or any other individual except the corrections officer should be **DISMISSED** with prejudice under § 1915(e)(2)(B) as frivolous or for failure to state a claim, his FTCA claims against all individual defendants should be **DISMISSED** with prejudice under § 1915(e)(2)(B) as frivolous, and his remaining *Bivens* claims against the corrections officer for use of excessive force and his FTCA claims against the United States should be **DISMISSED** with prejudice as frivolous under § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SIGNED this 2nd day of July, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE