IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENT EUGENE TURNBAUGH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-334-L** |
| | § | |
| **UNITED STATES OF AMERICA;** | § | |
| **L. LYNCH, United States Attorney General;** | § | |
| **EDDY M. MAJIA, Warden, FCI** | § | |
| **Seagoville; and KEVIN DEAN,** | § | |
| **Corrections Officer at FCI Seagoville,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On July 2, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17) was entered, recommending that the court dismiss with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous or failure to state a claim, Plaintiff's: (1) claims against the United States, the Attorney General, the Warden, or any other individual, except the corrections officer brought pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("Bivens claims"); (2) claims under the Federal Tort Claims Act ("FTCA") against all individual defendants; and (3) and his remaining *Bivens* claims against the corrections officer for use of excessive force and his FTCA claims against the United States until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). No objections to the Report were filed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court **dismisses with prejudice** as

**Order – Page 1**

frivolous or failure to state a claim, Plaintiff's: (1) *Bivens* claims against the United States, the Attorney General, the Warden, or any other individual, except the corrections officer; (2) claims under the FTCA against all individual defendants; and (3) and his remaining *Bivens* claims against the corrections officer for use of excessive force and his FTCA claims against the United States until he satisfies the conditions in *Heck v. Humphrey*.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). The court **conclude**s that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 13th day of August, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge